FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:25-CR-06033-MKD-5 |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART WITH LEAVE TO RENEW DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |
| v. | |
| ESMERALDA RODRIGUEZ, | |
| Defendant. | **ECF No. 154** |

On Thursday, June 4, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 154).  Defendant was represented by court-appointed attorney Nicholas Marchi.  Assistant United States Attorney Jeremy Kelley represented the United States.  With Defendant's consent, the undersigned appeared by video from Spokane, Washington.

Defendant requests that the Court modify her conditions of release in three ways.  First, Defendant requests that the Court modify Special Condition No. 3, which prohibits Defendant from having contact with her co-defendant husband Francisco Rodriguez Martel, to allow Defendant to communicate with Mr. Martel. ECF No. 154.  Defendant asserts that she needs to discuss financial and childrearing issues with Mr. Martel.  *Id.*  Defendant indicated that Mr. Martel's counsel has no objection to the request.

ORDER - 1

Second, Defendant requests that the Court modify Special Condition No. 8 by replacing home detention with a curfew.  *Id.*  Defendant asserts that home detention has made childrearing difficult, particularly related to transporting her son to school activities and practices.  *Id.*

Third, Defendant requests that the Court modify Special Condition No. 10, which prohibits Defendant from possessing devices with access to the internet, to allow Defendant to have internet access.  *Id.*  Defendant asserts that she needs internet access to respond to her son's counselors and teachers, pay her bills, and promote her nail technician business.  *Id.*

The United States Attorney's Office and the United States Probation/Pretrial Services Office both object to Defendant's request.  The United States opposed all three modifications requested by Defendant, arguing that there had been no material change in circumstances warranting a change in conditions.  The United States argued that the risk remains that Defendant will attempt to intimidate or threaten witnesses if Defendant is allowed to communicate with her husband, leave her home freely, or access the internet.

First, regarding contact with Defendant's husband, the United States acknowledged that video recording any contact between Defendant and her husband, who is detained, would minimize the risk of harm from the communications.  However, the United States argued that a risk remained that

ORDER - 2

Defendant and her husband would covertly communicate, even on video, in methods that only husband and wife could decipher.  Additionally, the United States argued that Defendant and her husband would likely speak in Spanish which would be more difficult for the United States to monitor.

Second, the United States argued that allowing Defendant to abide by a curfew rather than home detention would prevent United States Probation/Pretrial Services from verifying Defendant's actions.

Third, the United States argued that allowing Defendant to access the internet would enable Defendant to communicate with third parties to intimidate or threaten witnesses.

In response, Defendant argued that the United States has not presented any evidence of threats or intimidation by Defendant other than the hearsay evidence presented at the detention hearing when the Court released Defendant.

The Court previously found that the United States' allegations were "too attenuated," "rel[ied] on long chains of hearsay purporting that statements were made by unnamed people," and were "unsubstantiated," and "unreliable."  ECF No. 120 at 16.  However, the Court noted, the allegations "still present[ed] concerns."  *Id.* at 17.

ORDER - 3

While conditions can be imposed to mitigate the risk that comes from Defendant communicating with her co-defendant husband,[1] Defendant has not presented evidence that home detention and the prohibition on internet access impose undue burdens on Defendant.  Instead, Defendant can still transport her son to school activities, with advanced permission by United States Probation/Pretrial Services, Defendant can still communicate with her son's school via phone calls, and Defendant can still pay her bills in person or in the mail using checks. Defendant may renew the motion upon a showing of undue burden related to those conditions.

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion to Modify Conditions of Release (**ECF No. 154**) is **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO RENEW**.

2.      **Special Condition No. 3 (ECF No. 109) is MODIFIED** in its entirety to read **as follows:**

> **3. Except for discussing finances and the caretaking of Defendant's children with co-defendant Francisco Rodriguez Martel through visits at the Benton County Jail, Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may**

---

[1] The United States acceded to similar conditions in Case No. 24-cr-02027-SAB, ECF Nos. 675, 856.

ORDER - 4

**become a victim or potential witness in the subject investigation or prosecution. Defendant's visits with Mr. Martel are subject to monitoring and recording.**

3.    All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED June 8, 2026.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5